# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | | | |
|---|---|---|---|
| NAYTHEN P. EDWARDS, | ) | | |
| | ) | | |
|     Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 3:14-cv-606 |
| | ) | | REEVES/POPLIN |
| ANDERSON CO. DETENTION FACILITY, | ) | | |
| SHERIFF PAUL WHITE, JAIL | ) | | |
| ADMINISTRATOR AVERY JOHNSON, | ) | | |
| MEDICAL SUPERVISOR DEPUTY SCOTT, | ) | | |
| and RIDGEVIEW MENTAL HEALTH and | ) | | |
| Agents, | ) | | |
| | ) | | |
|     Defendants. | ) | | |

## MEMORANDUM OPINION

This is a pro se prisoner's civil rights action brought under 42 U.S.C. § 1983 by Naythen

P. Edwards ("Plaintiff"). Upon initial screening, the Court granted Plaintiff's motion to proceed

*in forma pauperis* but declined to issue process at that time, finding that Plaintiff did not set forth

facts sufficient to establish that any of the named defendants, through their own actions, deprived

Plaintiff of a constitutional right, and therefore failed to "state a claim to relief that is plausible on

its face." *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 554

(2007) [Doc. 4 p. 8].

Although the case was subject to dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A),

the Court nevertheless granted Plaintiff an opportunity to cure the deficiency in his original

complaint by filing, within fourteen (14) days from the date of entry of the Court's memorandum

and order, an amended complaint setting forth precisely how his constitutional rights were violated

and the specific individual(s) who deprived him of those rights under color of state law [Doc. 4 p.

9]. Plaintiff was cautioned, however, that his failure to timely comply would result in the dismissal

of his complaint for failure to state a claim and that this case would be dismissed for failure to prosecute and for failure to follow the orders of this Court [*Id.*]

As more than fourteen days now have passed since the entry of the Court's deficiency order on March 9, 2018, and Plaintiff has failed to file an amended complaint or to respond in any way to that order, this action will be **DISMISSED** pursuant to Federal Rule of Civil Procedure 41(b) for want of prosecution and for failure to comply with the Court's deficiency order and the local rules of court.

## I. Rule 41(b) Analysis

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal of a complaint if "the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." *See, e.g.*, *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). Dismissal under Rule 41(b) may be *sua sponte*. *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). In determining whether a Rule 41(b) involuntary dismissal is warranted, a court is to consider four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008).

As to the first factor, the Court finds that Plaintiff's failure to comply with the Court's deficiency order is due to his own willfulness and fault. Local Rule 83.13 imposes upon a pro se litigant the obligation to both monitor the progress of his case and to prosecute it diligently. Moreover, that same rule provides that the failure of a pro se Plaintiff to timely respond to an order sent to the last address provided to the Clerk may result in dismissal of the case. In this case, the docket entry for the deficiency order bears a notation indicating that a copy of the memorandum

and order was mailed to Plaintiff at his last reported address at the Bledsoe County Correctional Complex [Doc. 4], and there is no indication in the record that the order was returned as undeliverable or that he otherwise did not receive it.

The case law is clear that "while pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan*, 951 F.2d at 109. The Court's deficiency order set a clear and firm deadline for filing an amended complaint but Plaintiff nevertheless has failed to adhere to that deadline, in violation of both the local rules and the deficiency order itself. Accordingly, the first factor weighs in favor of dismissal.

As to the second factor, because service was not issued the Court can discern no significant prejudice to Respondents based on Petitioner's failure to comply with the Court's order, and this factor in and of itself would not weigh in favor of dismissal.

As to the third factor, the record reflects that Plaintiff expressly was warned that should he fail to timely comply with the Court's deficiency order his original complaint would be dismissed for failure to prosecute and for failure to follow the orders of the Court [Doc. 4 p. 9]. In addition, Local Rule 83.13, which requires pro se litigants to be familiar with and follow the Federal Rules of Civil Procedure and the local rules, also cautions that the failure of a pro se party to timely respond to an order may result in dismissal of the case or other appropriate action. Thus, Plaintiff's failure to file an amended complaint or otherwise to respond to the deficiency order within the allotted time, despite being placed on notice of the consequences of non-compliance, also weighs in favor of dismissal.

Finally, as to the fourth factor, the Court finds that any alternative sanctions would not be effective. Plaintiff already received one reprieve from dismissal of this case when the Court offered him an opportunity to remedy the initial deficiency in his complaint. Nevertheless, he failed to file an amended complaint within the allotted time and otherwise has not monitored the progress of the case. Plaintiff's failure to respond to the deficiency order strongly suggests that any further attempts to prod him into compliance with the Court's orders and the local rules through the imposition of a lesser sanction than dismissal would be futile.

For the foregoing reasons, the Court concludes that the relevant factors weigh in favor of an involuntary dismissal of this action pursuant to Rule 41(b) based upon Petitioner's non-compliance with the Court's previous order and the local rules of court. *Schafer*, 529 F.3d at 736 (district court has authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court).

## II. Conclusion

Accordingly, for the foregoing reasons, this action is **DISMISSED** for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b). *See Jourdan*, 951 F.2d at 109 (Rule 41(b) recognizes the power of a district court to enter a *sua sponte* order of dismissal). In accordance with 28 U.S.C. § 1915(a)(3) and Rule 24 of the Federal Rules of Appellate Procedure, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**. *See* Fed. R. App. P. 24.

**AN APPROPRIATE ORDER TO FOLLOW.**

_____
**UNITED STATES DISTRICT JUDGE**