UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| NAYTHEN P. EDWARDS, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 3:14-cv-606 |
| | ) | | REEVES/POPLIN |
| ANDERSON CO. DETENTION FACILITY, | ) | | |
| SHERIFF PAUL WHITE, JAIL | ) | | |
| ADMINISTRATOR AVERY JOHNSON, | ) | | |
| MEDICAL SUPERVISOR DEPUTY SCOTT, | ) | | |
| and RIDGEVIEW MENTAL HEALTH and | ) | | |
| Agents, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## MEMORANDUM AND ORDER

This is a pro se prisoner's civil rights action brought under 42 U.S.C. § 1983 by Naythen P. Edwards ("Plaintiff"). Pending is Plaintiff's motion for extension of time to file an amended complaint in response to a deficiency order [Doc. 7]. By unfortunate happenstance, Plaintiff's motion was received the day of, but not entered by the Clerk until a day *after*, the Court's Judgment order dismissing this case for failure to comply with the deadline set forth in the deficiency order [Doc. 6]. Because Judgment already has been entered, the Court will construe Plaintiff's motion for an extension of time to file an amended complaint as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). For the following reasons, Plaintiff's motion [Doc. 7] will be **GRANTED**, the Judgment Order [Doc. 6] will be **VACATED**, and Plaintiff will be provided a <u>brief</u> extension of time to file an amended complaint curing the deficiencies identified in the Court's prior memorandum and order [Doc. 4].

## I. BACKGROUND

Upon initial screening of Plaintiff's § 1983 complaint the Court declined to issue process, finding that Plaintiff did not set forth facts sufficient to establish that any of the named defendants, through their own actions, deprived him of a constitutional right, and therefore failed to "state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007) [Doc. 4 p. 8].

Although the case was subject to dismissal at screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A), the Court nevertheless granted Plaintiff an opportunity to cure the deficiency in his original complaint by filing, within fourteen days from the date of entry of the Court's memorandum and order, an amended complaint setting forth precisely how his constitutional rights were violated and the specific individual(s) who deprived him of those rights under color of state law [Doc. 4 p. 9]. Plaintiff was cautioned, however, that his failure to timely comply would result in the dismissal of this case [*Id.*]

As the deficiency order was entered on March 9, 2018, Plaintiff had until March 23, 2018, to file an amended complaint. He did not do so. Accordingly, on March 29, 2018, the Court dismissed the case pursuant to Federal Rule of Civil Procedure 41(b) for want of prosecution and for failure to comply with the Court's deficiency order and the local rules of court [Docs. 5, 6]. The following day, however, Plaintiff's motion for extension of time, received on March 29, 2018, was entered by the Clerk [Doc. 7]. In that motion, Plaintiff asked for a sixty-day extension of time "up to and including 07 May 2018" in order to seek the assistance of an "inmate legal helper" to prepare an amended complaint [*Id.* pp. 1–3]. This motion is undated and contains no indication as to when Plaintiff received the Court's deficiency order.

On April 5, 2018, Plaintiff filed two affidavits in support of his motion for extension of time [Docs. 10, 11]. The first is dated March 29, 2018, and was sworn to by Plaintiff. Plaintiff avers that he did not receive the Court's deficiency order until the afternoon of March 23, 2018, and that he immediately contacted a library legal assistant who agreed to prepare a motion seeking an enlargement of time in order to draft an amended complaint [*Id*. p. 2]. The second affidavit, dated March 26, 2018, [Doc. 11], is a declaration from that library legal assistant, William J. Ferris, Sr., who avers that Plaintiff came to him on the afternoon of March 23, 2018, and asked for his assistance in regard to the deficiency order which he had just received [*Id*. p. 2]. Ferris further avers that he prepared the motion for extension and that he "observed [Plaintiff] deposit his Motion into the prison mail system on the afternoon of 23 March 2016 [sic]" [*Id*. p. 3].

## II.     ANALYSIS

Generally, a paper is filed by delivering it to the clerk. Fed. R. Civ. P. 5(d)(2)(A). However, under the "prison mailbox rule," a paper from a pro se prisoner is deemed filed when it is handed over to prison officials for mailing to the court. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008); *see also Richard v. Ray*, 290 F.3d 810, 812–13 (6th Cir. 2002) (per curiam) (extending *Houston v. Lack*, 487 U.S. 266 (1988)). This rule "'seeks to ensure that imprisoned litigants are not disadvantaged by delays which other litigants might readily overcome.'" *In re Looper*, 334 B.R. 596 (Bankr. E.D. TN. 2005) (quoting *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735 (4th Cir.1991)).

Here, Plaintiff's motion is time-stamped as delivered to the Clerk on March 29, 2018 [Doc. 7 p. 1]. But because Plaintiff is a prisoner, the prison mailbox rule dictates that his motion was filed on the date that he handed it over to prison officials for mailing. Unfortunately, that date is not readily apparent from the record. While the printout of Plaintiff's mail history indicates that

outgoing legal mail was sent from the prison on March 27, 2018, [Doc. 10 p. 5], that date does not necessarily coincide with the date Plaintiff submitted it to the prison mail system. Absent contrary evidence, courts are to accept the date on which a prisoner signs a paper under penalty of perjury as the date the prisoner handed over the paper for mailing. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999); *Brand*, 526 F.3d at 925. However, Plaintiff did not date the motion for extension [Doc. 7] nor did he swear in his affidavit that he handed it over to prison officials on March 23, 2018 [Doc. 10]. The only evidence in the record as to the date it was turned over is in the affidavit from Ferris, the legal library assistant, who swore that he "observed [Plaintiff] deposit his Motion into the prison mail system on the afternoon of 23 March 2016 [sic]" [Doc. 11 p. 3].

Giving Plaintiff the benefit of every doubt, the Court will accept that he handed his motion over to prison officials on March 23, 2018. Because Plaintiff handed his paper over for filing within the time allotted in the deficiency order, it therefore must be deemed timely filed under the prison mailbox rule. Moreover, the Court believes Plaintiff has set forth good cause to grant him additional time to file an amended complaint, since the motion and affidavits suggest that Plaintiff did not receive the deficiency order until the last day he had to comply with it. *See* Fed. R. Civ. P. 6(b)(1)(A) ("When an act . . . must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made, before the original time . . . expires").

This case is further complicated, however, by the fact that Judgment was entered <u>before</u> Plaintiff's motion for extension of time was entered. "[O]nce a judgment is entered the filing of an amendment cannot be allowed until the judgment is set aside or vacated under Rule 59 or Rule 60." *See U.S. ex rel SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 507 (6th Cir. 2008) (quoting 6 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1489 (2d ed. 1990)).

A district court has discretion to set aside a prior judgment under Rule 59(e) and permit an amended complaint if there was (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Michigan Flyer LLC v. Wayne County Airport Authority*, 860 F.3d 425, 431 (6th Cir. 2017). In exercising this discretion, the Court must balance the need for finality with the need to render just decisions. *Day v. Krystal Co.*, 241 F.R.D. 474, 476 (E.D. Tenn. 2007); *see also GenCorp, Inc. v. American Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

The Court will exercise its discretion in this case to set aside its prior Judgment dismissing this case for failure to comply with the court's deficiency order in light of the fact that Plaintiff moved for an extension of time to file an amended complaint prior to entry of the Judgment order. Because Plaintiff attempted to timely comply with the terms of the deficiency order, vacating the order dismissing this case for failure to comply with that order is necessary in order to prevent a manifest injustice. Plaintiff has set forth good cause for the extension of time and the Court finds that granting him extra time to file an amended complaint to cure the deficiencies in his original complaint is the just decision under these circumstances.

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED** that Plaintiff's motion for extension of time to file an amended complaint, which the Court has construed as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) [Doc. 7] is **GRANTED**.

It further is **ORDERED** that the Court's Judgment Order dated March 29, 2018 [Doc. 6] is **VACATED**. The Clerk is **DIRECTED** to reopen the civil case at No. 3:14-cv-606.

It further is **ORDERED** that Plaintiff is granted **thirty (30) days** from the date of entry of this memorandum and order to file an amended complaint curing the deficiencies identified in the

Court's March 9, 2018, Memorandum and Order [Doc. 4]. The amended complaint will completely supplant the original complaint. Plaintiff is **NOTIFIED** that the Court may only address the merits of properly asserted claims that relate back to the claims raised in the original complaint in accordance with Federal Rule of Civil Procedure 15(c). Therefore, Plaintiff **SHALL NOT** attempt to set forth any claims in the amended complaint that were not raised in his original complaint or that do not otherwise relate back to such claims, and any new or non-related claims will be **DISMISSED**.

Plaintiff further is **NOTIFIED** that should he fail to timely comply with this order his original complaint **will** be **DISMISSED** for failure to state a claim and this case **will** be **DISMISSED** for failure to prosecute and for failure to follow the orders of this Court.

Plaintiff further is **ORDERED** to inform the Court immediately of any address changes. Failure to provide a correct address to this Court within fourteen (14) days following any change of address will result in the dismissal of this action. See E.D. Tenn. L.R. 83.13.

**IT IS SO ORDERED.**

*/s/ Pamela L. Reeves*
**UNITED STATES DISTRICT JUDGE**