# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| NAYTHEN P. EDWARDS, | )<br>) |
| Plaintiff, | )<br>) |
| | ) No.: 3:14-CV-606-PLR-DCP |
| v. | )<br>) |
| ANDERSON CO. DETENTION FACILITY, SHERIFF PAUL WHITE, JAIL ADMINISTRATOR AVERY JOHNSON, MEDICAL SUPERVISOR DEPUTY SCOTT, and RIDGEVIEW MENTAL HEALTH *and* AGENTS, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint filed pursuant to 42 U.S.C. § 1983. As the Court previously noted, on March 19, 2019, the Court vacated its prior judgment dismissing this case for failure to prosecute, reopened the case, and directed Plaintiff to file an amended complaint within thirty days [Doc. 12]. The Court notified Plaintiff that if he failed to timely comply with the Court's order his original complaint would be dismissed for failure to state a claim and this case would be dismissed for failure to prosecute and for failure to follow the orders of this Court [*Id.* at 6]. The Court also ordered Plaintiff to inform the Court of any address changes within fourteen days [*Id.*]; *see* E.D. Tenn. L.R. 83.13. More than thirty-three days passed, however, and Plaintiff did not comply with this order or otherwise communicate with the Court.

As such, on May 9, 2019, the Court entered an order requiring Plaintiff to show good cause for his failure to comply with its previous order within fifteen days of the date of entry of the order [Doc. 13], and on June 19, 2019, the Clerk resent this order to the address the Court found for

Plaintiff through the Tennessee Department of Correction's felony offender database. More than twenty-eight days have passed since the Clerk resent this order to Plaintiff, however, and Plaintiff has not complied therewith or otherwise communicated with the Court. Accordingly, for the reasons set forth below, this action will be **DISMISSED** for want of prosecution.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to Court's orders is due to Plaintiff's willfulness and/or fault. Specifically, it appears that Plaintiff either received the Court's orders, but chose not to comply therewith, or did not receive the Court's orders due to his failure to provide the Court with his most recent address and/or monitor the case as required by the Court's local rule, of which the Court warned Plaintiff. As such, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants.

As to the third factor, the Court warned Plaintiff that the Court would dismiss this case if he failed to update his address in a timely manner and/or failed to comply with the Court's orders [Doc. 12 p. 6; Doc. 13 p. 2].

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff is a prisoner who was granted leave to proceed *in forma pauperis* in this case [Doc. 4] and Plaintiff is not responding to orders or otherwise communicating with the Court.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of this action pursuant to Rule 41(b).

The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER.**

**SO ORDERED**.

_____
PAMELA L. REEVES
CHIEF UNITED STATES DISTRICT JUDGE